UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THELMA LAVERNE JONES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-05-557 |
| | § | |
| BAY AREA HEALTHCARE GROUP, LTD., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

During the Rule 16 conference on February 5, 2007, the Court instructed the parties to brief the issue of subject matter jurisdiction in this case. After reviewing the briefs (Dkt. Nos. 14 & 15), the entire record, and the applicable law, the Court concludes, as it is authorized to do sua sponte, that it does not have subject matter jurisdiction in this case. Accordingly, the Court is of the opinion that this case should be remanded to the state court from which it was removed.

**I. Background and Discussion**

This case is substantially similar to *Cantu v. Bay Area Healthcare Group, Ltd.*, No. V-05-CV-95, which this Court remanded to state court for the reasons stated in its Memorandum Opinion & Order of March 28, 2007 (Dkt. No. 31). The removing party, Bay Area, is the same in both cases, as is its counsel of record; the plaintiffs in both cases are represented by the same counsel of record; the underlying state court petitions in both cases assert similar causes of action under state law; and the basis asserted by Bay Area for the exercise of federal subject matter jurisdiction in both cases is the same. Accordingly, rather than reinventing the wheel, the Court will proceed herein by describing only as much of the relevant facts as are necessary to bring this case within the ambit of the Court's reasoning in *Cantu*.

Plaintiffs, both residents of Nueces County, Texas, are the heirs of the decedent, Milburn Blondell Jones, who died on November 22, 2000, after undergoing surgery at hospital facilities owned by Defendant Bay Area Healthcare Group, Ltd., in Corpus Christi, Texas. Defendant Wallace John Arringdale is one of the physicians who allegedly provided medical treatment to the decedent. Though nowhere stated on the face of the complaint, there does not appear to be any question that the citizenship of the parties is not diverse. Plaintiffs filed their amended – and still operative – petition in state court on March 25, 2005, asserting wrongful death and survival claims against the hospital sounding in negligence, and various other state law theories arising under the common law and statutes of Texas.

Plaintiffs' amended state court petition also alleges that Defendants' conduct occurred "pursuant to an illegal common scheme and mode of operation calculated to increase revenue to the hospital to the detriment, injury and/or death [of] ... Milburn Jones." Dkt. No. 1-8 at 1. On November 4, 2005, Plaintiffs served requests for admissions asking Defendants to identify thirteen documents attached as exhibits. Dkt. No. 1-1 at 9–14. The documents to be identified included, inter alia, various plea agreements and final judgments related to a spate of well-publicized cases involving HCA Inc., of which Bay Area is apparently a subsidiary. The cases generally involved alleged violations by HCA of various federal laws, including the False Claims Act, the Medicare anti-kickback statute, and the Anti-Self-Referral Act. Defendants interpreted the discovery requests related to these documents as evidence that Plaintiffs' allegation of an "illegal common scheme" in the amended state court petition presented federal questions that were within the ambit of federal subject matter jurisdiction under 28 U.S.C. § 1331 and removed the case to the Corpus Christi Division, where it was initially assigned to Judge Janis Jack, on November 22, 2005.

Judge Jack recused the day after removal (Dkt. No. 2) and the case was reassigned to Judge

Hayden Head. On April 6, 2006, Plaintiffs filed a Statement of Assertion of Federal Question (Dkt. No. 3), apparently in response to a request by Judge Head that Plaintiffs affirmatively state on the record whether they were asserting federal causes of action. In their statement, Plaintiffs stated that they "represent[] to the Trial Court that Plaintiffs are pursuing claims arising out of the laws of the United States so as to warrant federal question jurisdiction under 28 U.S.C. § 1441(b)."[1] Dkt. No. 3 at 2. Finally, on October 4, 2006, Judge Head also recused (Dkt. No. 5) and the case was reassigned to this Court.

Defendants argue that Plaintiffs' have either artfully asserted federal causes of action without specifically referencing the underlying federal statutes in the amended state court petition or, alternatively, that Plaintiffs' claims belong to that exceedingly narrow class of cases described by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308 (2005), in which a substantial issue of federal law is raised by state law claims such that the exercise of federal subject matter jurisdiction is appropriate. The Court disagrees. However, the exercise of setting forth the Court's reasoning herein would be substantially duplicative of the Court's previously-referenced Memorandum Opinion & Order in *Cantu*. It is sufficient for the Court to note that it does not construe Plaintiffs' amended state court petition to state any federal causes of action. Indeed, this conclusion is easier to reach here than it was in *Cantu*, where Plaintiffs included a substantial, dedicated statement in their amended state court petition describing the alleged illegal scheme underlying Defendant's removal. Here, there appears to be very little passing reference to the alleged illegal scheme and, just as in *Cantu*, not a single sentence that might be construed as indicating

---

[1] Plaintiffs changed their position in their brief on subject matter jurisdiction to this Court (Dkt. No. 14) and it appears that they now take the view that the exercise of federal subject matter jurisdiction is not appropriate. In any event, it is the claims that appear on the face of Plaintiffs' amended state court petition – and not their arguments – that guide this Court's analysis.

under our pleading rules that Plaintiffs are seeking to hold Defendants liable under federal law. As for Defendants' argument that this case is eligible for federal "arising under" jurisdiction pursuant to the Supreme Court's formulation in *Grable*, the Court's analysis is the same as it was in *Cantu*; specifically, that this case is, to borrow from the Supreme Court's explanation of its *Grable* opinion in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2137 (2006), "poles apart" from the salient features of *Grable* that rendered the exercise of federal subject matter jurisdiction appropriate in that case. Rather, it seems clear that Plaintiffs are relying on federal law, if at all, to establish some evidence of their state law negligence claims. However, as this Court noted in *Cantu*, Plaintiffs could theoretically hold Defendants liable to the full extent of their state law claims while at the same time completely fail to establish a single violation of federal law.

## II. Conclusion

Accordingly, and for the reasons set forth above and in the *Cantu* order, which is incorporated herein by reference, the Court is of the opinion that this case should be, and hereby is, **REMANDED** to the state court from which it was removed.

It is so **ORDERED**.

Signed this 12th day of April, 2007.

                                                                                           JOHN D. RAINEY
                                                                      UNITED STATES DISTRICT JUDGE